(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED: (CONTRACT)   TORT
MOTOR VEHICLE TORT      EQUITABLE RELIEF          OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No.
15 - 00207

Mark Manning          vs.     Healthx, Inc.

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon _Joshua A. McGuire_

_____ plaintiff's attorney, whose address is

_51 Winchester St. Suite 205 Newton, MA 02461_, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  **JUDITH FABRICANT**  Esquire, at Barnstable, the _____30th_____

day of _____April_____, in the year of our Lord two thousand and _fifteen_

_Scott W. Nickerson_ Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
separate summons is issued for each defendant, each should be addressed to the particular defendant.

__NOTICE TO DEFENDANT__
You need not appear personally in court to answer the complaint but if you claim to have a defense,
either you or your attorney must serve a copy of your written answer within 20 days as specified
herein and also file the original in the Clerk's office.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. 15 - 00207 |
|---|---|---|
| | COUNTY OF  BARNSTABLE | |

| PLAINTIFF(S) Mark Manning | DEFENDANT(S)  Healthx, Inc. and Frontier Capital |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Joshua A. McGuire, Esq. Law Office of Josh McGuire 51 Winchester St., Suite 205 Newton, MA  02461 | |

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.        TYPE OF ACTION (specify)        TRACK         IS THIS A JURY CASE?

A99 Other (specify ) - Fast Track          ⦿ [ ] Yes   ◯ [ ] No
   Breach of employment agreement.

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.   Documented medical expenses to date:
   1.   Total hospital expenses                                        $ _____
   2.   Total doctor expenses                                          $ _____
   3.   Total chiropractic expenses                                $ _____
   4.   Total physical therapy expenses                       $ _____
   5.   Total other expenses (describe)                          $ _____
                                   Subtotal   $ _____
B.   Documented lost wages and compensation to date                  $ _____
C.   Documented property damages to date                                      $ _____
D.   Reasonably anticipated future medical expenses                       $ _____
E.   Reasonably anticipated lost wages and compensation to date     $ _____
F.   Other documented items of damages (describe)
                                            $ _____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                      Total $ _____

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| Breach of employment agreement arising out of termination without cause and failure to pay required severance. | TOTAL | $9,000,000 |
|---|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        Date:   Apr 23, 2015

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.                                    SUPERIOR COURT DEPT.

|  |  |
|---|---|
| MARK MANNING, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. __15 - 00 207__ |
| | ) |
| HEALTHX, INC. and FRONTIER CAPITAL, | ) |
| Defendants. | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff Mark Manning hereby brings this complaint against Healthx, Inc. and Frontier Capital and makes the following allegations and claims for relief.

### Parties

1.      Plaintiff Mark Manning is an individual residing at 17 Harborhill Run, South Yarmouth, Massachusetts.

2.      Defendant Healthx, Inc. ("Healthx") is a software company which sells its products and services to the third-party administrator market, whose customers are large employers.  It maintains a principal place of business at 9339 Priority Way West Drive, Indianapolis, Indiana.

3.      Defendant Frontier Capital ("Frontier") is a private equity firm with a principal place of business at 1111 Metropolitan Avenue, Charlotte, North Carolina.  Frontier provides capital and other financial support to defendant Healthx.  On information and belief, Frontier is an owner of and investor in defendant Healthx.

## Jurisdiction and Venue

4.      Manning is a resident of Massachusetts.  The defendants transacted business in Massachusetts, and Manning's cause of action arises from the defendants' transacting business in the Commonwealth.  Jurisdiction is therefore proper in the Commonwealth pursuant to Mass. Gen. Laws c. 223A, Section 3.

5.      Venue is proper in this Court pursuant to Mass. Gen. Laws c. 223, Section 1 because Manning is a resident of South Yarmouth, Massachusetts.

## Factual Background

6.      From 2005 until January 31, 2014, Manning was employed as Vice President of Healthcare Sales for Pegasystems, Inc. ("Pegasystems"), a Cambridge, Massachusetts-based software company that sells its products and services to high-end healthcare plans. Manning earned over $500,000 in compensation from Pegasystems in 2013.

7.      In or about August 2013, representatives of defendants Frontier and Healthx contacted Manning in order to recruit him to serve as President and Chief Executive Officer of Healthx.

8.      On or about November 23, 2013, Frontier and Healthx sent Manning a proposed employment agreement with Healthx.  The terms of the proposed employment agreement included a renewable two-year term of employment, salary and bonus compensation, equity interest, severance, and post-employment restrictive covenants.  On or about that same date, Frontier and Healthx provided Manning with an analysis stating that the value of his fully-vested 10% equity interest would be worth approximately $7 million.

9.      On or about November 27, 2013, after further discussion between the parties, Frontier and Healthx sent Manning a revised employment agreement (the "Employment

Agreement"). Among other revisions, the Employment Agreement included an increase to the

severance payment to be paid in the event that Manning was terminated without cause.

10.     Specifically, Section 4(d) of the Employment Agreement provides:

> If during the Term the Executive's employment shall be terminated
> by the Company without Cause (and other than pursuant to Section
> 4(a) or Section 4(b)) or by the Executive for Good Reason, or in
> the event the Company notifies the Executive that it does not
> desire to renew the Term in accordance with Section 2 above, the
> Executive shall be entitled to receive severance pay equal to the
> sum of the following amounts and shall not be entitled to any other
> payments hereunder:
>
> * * *
>
> (ii)     the Executive's Salary hereunder (at the rate then in effect)
> for the period commencing on the Termination Date and ending six
> (6) months after the Termination Date (which shall be paid during
> such period in accordance with the Company's existing payroll
> practices and shall be subject to withholding for all applicable
> taxes) (the "**Severance Period**"); provided that if the Executive
> has relocated his principal residence to Indianapolis, Indiana
> within one (1) year after the Start Date, the Severance Period shall
> end twelve (12) months after the Termination Date.

11.     Under the terms of the Employment Agreement, Manning could be terminated by

Healthx without severance only if he were terminated for "Cause," as defined in the Employment

Agreement:

> As used herein, the term "**Cause**" shall mean only (i) the
> commission of, conviction of, or entry of a plea of guilty or no
> contest to, a felony by the Executive (other than motor vehicle
> offenses the effect of which do not materially impair the
> Executive's performance of his duties hereunder) or crime of
> moral turpitude, (ii) the commission by the Executive of an act of
> fraud, dishonesty, malfeasance or embezzlement against Healthx
> or any of its affiliates, (iii) conduct which is grossly negligent or
> willful and deliberate on the Executive's part and that is (or would
> reasonably be expected to be) materially detrimental to Healthx or
> any of its affiliates, (iv) the Executive's material breach or material
> violation of this Agreement or the Parent's' Stockholder's
> Agreement (as in effect from time to time and to the extent that the
> Executive is a party to such agreement, the "**Stockholder's**

- 3 -

**Agreement**"), which breach or violation the Executive has failed to cure (if curable as reasonably determined in good faith by the Board) within five (5) business days after receiving written notice thereof, or any material violation of any policies or procedures of Healthx if Healthx has given the Executive written notice of such violation and Executive persists in such violation, (v) insubordination consisting of the Executive's continued failure to take specific action requested in writing by the Board that is within his individual control and consistent with his status as a senior executive of Healthx and his duties and responsibilities under any agreement with Healthx or any law, (vi) the use of alcohol or drugs by the Executive to an extent that, in the good faith determination of the Board, such use materially interferes with the performance of the Executive's duties and responsibilities, or (vii) the failure of the Executive to relocate his principal residence to Indianapolis, Indiana within one (1) year after the Start Date.

12. On or about December 13, 2013, Richard Maclean, the Managing Partner of Frontier Capital, sent Manning a final offer letter further detailing the terms of Manning's position as President and CEO of Healthx (the "Offer Letter"). The letter included the following items of compensation for the CEO position: an annual salary of $375,000, a target cash bonus for 2014 of $225,000, stock options to purchase 10% of the company vesting over four years, and benefits. Healthx's offer also referenced and attached the Employment Agreement.

13. On or about December 13, 2013, in reliance upon the Offer Letter, the Employment Agreement, and the equity analysis provided to him by Frontier and Healthx, Manning accepted Healthx's written offer of employment by executing the Employment Agreement.

14. In or around January 2014, in reliance upon the Offer Letter, the Employment Agreement, and the equity analysis, Manning put two Massachusetts properties up for sale in anticipation of moving to Indianapolis.

- 4 -

15.     In early January 2014, in reliance on the Offer Letter, the Employment Agreement, and the equity analysis, Manning announced his resignation from Pegasystems effective January 31, 2014.

16.     On or about January 18, 2014, Healthx announced that it had hired Manning as President and CEO. Healthx's acting CEO stated, "[a]fter a very careful search, I feel we have made an outstanding choice by selecting Mark for the role."

17.     On Monday, February 3, 2014, Manning traveled from Massachusetts to Indianapolis to begin his new job with Healthx.

18.     On Thursday, February 6, 2014, Healthx issued a press release announcing Manning's hire as President and CEO. On Friday, February 7, 2014, Manning returned to Massachusetts for the weekend.

19.     Early Monday morning, on February 10, 2014, Maclean called Manning in Massachusetts and informed him that he was being terminated from his position with Healthx. Maclean told Manning that the decision was based on a risk of litigation with Pegasystems.

20.     Shortly after the February 10, 2014, telephone call, Maclean sent an email to Manning attaching a termination letter (the "Termination Letter"). The Termination Letter stated, "Given your contractual obligations to your former employer which were not disclosed to us prior to your hire, we had no choice but to end your employment."

21.     Manning did not have any enforceable contractual obligations to Pegasystems at the time he was hired by Frontier and Healthx.

22.     Prior to terminating Manning, Frontier and Healthx did not provide Manning with any notice indicating that he had breached any of the terms of the Employment Agreement.

23.     Frontier and Healthx did not terminate Manning for "Cause" as defined by the terms of the offer letter and the Employment Agreement.

24.     Frontier and Healthx have not provided Manning with any severance payments as required by the terms of the offer letter and the Employment Agreement.

25.     As a result of his termination from Healthx, Manning was unemployed for several months before ultimately accepting a lesser, non-CEO position at lesser salary than his Healthx salary.

26.     As a result of Frontier's and Healthx's conduct, Manning has suffered substantial damages, including lost wages, employment benefits and equity which he reasonably expected to earn pursuant to the Offer Letter, the Employment Agreement, and the equity analysis; lost wages, benefits, and equity from his prior employment at Pegasystems; costs and damages arising from the steps he took in reliance upon the defendants' promises, including but not limited to the sale of his home, his travel to and from Massachusetts and Indiana, and other related costs in preparation for his move to Indianapolis.

27.     The defendants have further breached their obligations to Manning by failing to pay him any severance or other benefits as required by the Employment Agreement.

28.     As a result of his termination from Healthx, Manning lost, at a minimum, $750,000 in annual compensation over the two-year term of his contract and a 10% ownership in Healthx, worth over $7 million in four years, according to the defendants' own analysis.

## Count I:  Breach of Contract

29.     Manning restates and incorporates by reference the allegations in paragraphs 1 through 28 above as if fully set forth herein.

30.     Manning and the defendants had a two-year Employment Agreement.

31.     The defendants breached the terms of the Employment Agreement by terminating Manning without Cause, as defined by the Employment Agreement, and without providing him with notice or an opportunity to cure any alleged breaches of the Employment Agreement.

32.     As a result of the defendants' breach of contract, Manning has suffered damages in an amount to be determined at trial, including lost income, lost benefits and equity compensation, lost moving and travel costs, lost severance payments, damage to his reputation, and lost professional opportunities.

### Count II:  Promissory Estoppel

33.     Manning restates and incorporates by reference the allegations in paragraphs 1 through 32 above as if fully set forth herein.

34.     The defendants induced Manning to leave a secure and lucrative job at Pegasystems based on the promise of a CEO position at Healthx with comparable compensation and highly valuable equity compensation.

35.     Manning reasonably relied on the defendants' promises to his significant detriment.

36.     As a result of Manning's reasonable reliance on the defendants' promises, Manning has suffered damages in an amount to be determined at trial, including lost income, lost benefits and equity compensation, lost moving and travel costs, lost severance payments, damage to his reputation, and lost professional opportunities.

### Count III:  Breach of the Implied Covenant of Good Faith and Fair Dealing

37.     Manning restates and incorporates by reference the allegations in paragraphs 1 through 36 above as if fully set forth herein.

38.     Manning and the defendants had a two-year Employment Agreement.

- 7 -

39.     The Employment Agreement included an implied covenant of good faith and fair dealing that the defendants owed to Manning.

40.     The defendants breached the implied covenant of good faith and fair dealing by, among other things, terminating Manning based upon representations made by Pegasystems without conducting appropriate due diligence to determine whether Manning was subject to any enforceable obligation that prevented him from working at Healthx, and by failing to providing Manning with an opportunity to respond to Pegasystems' allegations.

41.     As a result of the defendants' breach of the implied covenant of good faith and fair dealing, Manning has suffered damages in an amount to be determined at trial, including lost income, lost benefits and equity compensation, lost moving and travel costs, lost severance payments, damage to his reputation, and lost professional opportunities.

### Prayer for Relief

WHEREFORE, the plaintiff prays for the following relief:

(a)     Award the plaintiff compensatory damages and interest in an amount to be determined at trial;

(b)     Award the plaintiff any equitable relief that this Court deems just and proper.

(c)     Award the plaintiff attorneys' fees and costs; and

(d)     Award the plaintiff such other and further relief as this Court deems just and proper under the circumstances.

### PLAINTIFF DEMANDS A TRIAL BY JURY
### ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

Mark Manning,

By his attorney,

Joshua A. McGuire (BBO #651877)
The Law Office of Josh McGuire
51 Winchester St., Suite 205
Newton, MA  02461
(617) 461-6400
josh@joshmcguirelaw.com

Dated: April 23, 2015

- 9 -

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1572CV00207 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

CASE NAME:
Mark Manning vs. Healthx, Inc. et al

Scott W. Nickerson, Clerk of Court
Barnstable County

TO: Joshua A. McGuire, Esq.
Law Office of Josh McGuire
51 Winchester St.
Suite 205
Newton, MA 02461

COURT NAME & ADDRESS
Barnstable County Superior Court
3195 Main Street
Barnstable, MA 02630

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                  DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 07/27/2015 |  |
| Response to the complaint filed (also see MRCP 12) |  | 08/25/2015 |  |
| All motions under MRCP 12, 19, and 20 | 08/25/2015 | 09/24/2015 | 10/26/2015 |
| All motions under MRCP 15 | 08/25/2015 | 09/24/2015 | 10/26/2015 |
| All discovery requests and depositions served and non-expert despositions completed | 02/22/2016 |  |  |
| All motions under MRCP 56 | 03/22/2016 | 04/21/2016 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 08/19/2016 |
| Case shall be resolved and judgment shall issue by |  |  | 04/26/2017 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 04/27/2015 |  | (508)375-6684 |

Date/Time Printed: 04-27-2015 12:49:55

SCV026: 11/2014