UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MANNING,<br><br>              Plaintiff,<br>   vs.<br><br>HEALTHX, INC. and FRONTIER CAPITAL,<br><br>              Defendants. | Civil Action No. 1:15-cv-11936 |

## DEFENDANT FRONTIER CAPITAL LLC'S
## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Frontier Capital LLC ("Frontier") is not a party to the alleged contract upon which Plaintiff Mark Manning bases his claims and made no promises that would support a promissory estoppel claim, as a matter of law. For these simple reasons, which are manifest in the Complaint, Frontier is entitled to dismissal of all claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This action arises out of Manning's displeasure with the termination of his employment by his employer Defendant Healthx, Inc. ("Healthx"). In addition to claims against Healthx arising out of his purported employment agreement, Manning tries to add claims against Frontier, a private equity firm that with an ownership interest in Healthx. He seeks to do so despite the fact that Frontier (as opposed to Healthx) did not seek to employ him, offer to employ him, or enter into any employment agreement or relationship with him and despite the fact that Frontier expressed no intent to obligate itself to Manning in any way.

As shown below, and as is clear from the Complaint, the claims against Frontier in Plaintiff's Complaint must be dismissed. Count I (alleging breach of Manning's employment

1

agreement with Healthx) and Count III (alleging breach of the implied covenant of good faith and fair dealing in connection with Manning's employment agreement with Healthx) fail to state a claim under which relief can be granted because Manning has not – and cannot – allege that Frontier was a party to the contract he seeks to enforce.  Count II (for promissory estoppel) fails because Manning has not alleged that Frontier made any promises to him on its own behalf, and such an allegation is required in order to state a claim for promissory estoppel.  Absent any allegations of a contract between Manning and Frontier, or any promises made to Manning by Frontier, Manning fails to state any claim against Frontier.  As a result, and for the reasons set forth herein and in the accompanying Motion to Dismiss, Frontier respectfully requests that this Court dismiss all claims against it.

I. **STATEMENT OF FACTS AND ALLEGATIONS**[1]

According to the Complaint, during the fall of 2013, Manning was recruited to a position as President and Chief Executive Officer of Healthx. Cp. ¶ 7.  He was sent a draft "employment agreement with Healthx," Cp. ¶ 8, which he negotiated until it reached its final form and Manning and Healthx entered into[2] an employment agreement (the "Healthx Agreement").  Cp. ¶¶ 9, 13; Ex. 1[3].  The Healthx Agreement expressly stated that it was "between HEALTHX,

---

[1] The complaint's well-pleaded factual allegations are accepted as true solely for purposes of this motion, except to the extent they are contradicted by documents cited in the complaint. *See Clorox Co. P.R. v. Procter & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000). The allegations are based upon Manning's Complaint and the employment agreement referenced and quoted therein. Citations to Manning's Complaint will be in the form "Cp. ¶__." The employment agreement referenced in the complaint is attached to this memorandum and is referenced as "Ex. 1."

[2] Frontier is not aware of the existence of a signed copy of the Healthx Agreement, rendering the document inconsistent with the allegations in the Complaint; nevertheless, Frontier recognizes that, as a non-party, a signed copy may exist but not be in its possession; therefore, Manning's allegation that he executed the agreement will be credited for the limited purpose of this Motion to Dismiss.

[3] Although Manning quotes from the Healthx Agreement in his Complaint, he did not attach it. In addressing a motion to dismiss, the Court may consider documents referenced in the complaint (even if not attached to the complaint) where the plaintiff had notice of the documents and relied on them in framing the complaint. *See, e.g., Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir. 1996) (court may consider documents

INC., a Delaware corporation (the "**Company**"), and Mark Manning (the "**Executive**").  For purposes of this Agreement, "**Healthx**" shall mean each of: (i) the Company, (ii) Healthx Holdings, Inc., a Delaware corporation, (iii) Healthx Parent Corporation, a Delaware corporation (the "**Parent**"), and (iv) each direct and indirect subsidiary of any entity named in clauses (i), (ii) and (iii)."  Ex. 1.  Frontier is not mentioned anywhere in the Healthx Agreement, and the only signature block is for a representative of Healthx.  Ex. 1 (emphasis in original).

Manning alleges that Defendants breached the Healthx Agreement and its implied covenant of good faith and fair dealing.  Cp. Counts I and III.  Frontier, however, is not a party to the Healthx Agreement, is not mentioned anywhere in the Healthx Agreement, and the only signature block is for a representative of Healthx.  Ex. 1.  Frontier is a private equity firm with an ownership interest in Healthx.  Cp. ¶¶ 2, 3.  Richard Maclean, Managing Partner of Frontier, Cp. ¶ 12, incidentally, is also the chairman of the board of Healthx.

In addition to his breach of contract claims, Manning alleges that he relied to his detriment upon Defendants' promise of "a CEO position at Healthx with comparable compensation and highly valuable equity compensation."  Cp. ¶ 34.

## II.   ARGUMENT

The complaint against Frontier should be dismissed because the complaint fails to state a claim for relief that is "plausible on its face" against Frontier.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To defeat a motion to dismiss, a plaintiff must plead facts that "raise the right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To state a claim that is sufficiently plausible to survive a motion to dismiss, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant

---

referenced in plaintiff's complaint without converting motion to dismiss into motion for summary judgment); *Marram v. Kobrick Offshore Fund, Ltd.,* 442 Mass. 43, 45 n.4 (2004) (in addressing motion to dismiss, trial court properly considered documents that were not attached to plaintiff's complaint).

is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Under this standard, even construing the Complaint in the light most favorable to Manning, he has failed to state a claim for which relief may be granted against Frontier and, accordingly, his Complaint should be dismissed.

      **A.**    **<u>Frontier Is Not a Party to the Healthx Agreement; Therefore, It Cannot Be Liable to Manning for Breach of That Agreement (Count I)</u>**

Manning's breach of contract claim is premised on his allegation that Defendants "breached the terms of the [Healthx Agreement] by terminating Manning without Cause . . . ." Cp. ¶ 31.  Manning's claim for breach of contract against Frontier fails because he does not and cannot allege that Frontier was a party to and therefore bound by the Healthx Agreement.  When addressing the critical issue of contract formation, Manning alleges that he "accepted Healthx's written offer of employment by executing the [Healthx Agreement]."  Cp. ¶ 13 (emphasis added).  It was Healthx, therefore, and not Frontier, that made the offer that allegedly transformed into the agreement.  Further, the Healthx Agreement itself negates the notion that Frontier is a party, as it is clear that the contract is between Manning and Healthx, with no mention of Frontier. It is clear from the Complaint and the documents incorporated therein, therefore, that the alleged agreement at issue in this case is between Manning and Healthx, not Frontier.  This fundamental flaw is dispositive of breach of contract claim.  *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 129-30 (1st Cir. 2006) (dismissing breach of contract claims against defendants that were not parties to the contract); *Cumings v. York Capital Management*, Civ Action No. 12-12339-FDS, 2013 WL 4411230, *5 (D. Mass. Aug. 12, 2013) (dismissing breach of contract claim where related entity was not a party to the contract).

Furthermore, Manning has alleged no facts that would render Frontier liable on a contract theory, even were it a party to the contract – which it is not.  A party claiming breach of contract

must, at a minimum, allege what obligations were imposed on each of the parties by the alleged contract, identify the specific contractual obligation alleged to have been breached, and identify the specific conduct alleged to constitute the breach.  *See Brooks v. AIG Sunamerica Life*, 480 F.3d 579, 586 (1st Cir. 2007).

In his Complaint, Manning alleges certain obligations imposed on Healthx by the Healthx Agreement.  Cp. ¶¶ 10, 11.  He does not, however, "explain what obligations were imposed on" Frontier, "identify the specific contractual obligation alleged to have been breached" by Frontier, or "identify the specific conduct" by Frontier "alleged to constitute the breach."  *See Brooks*, 480 F.3d at 586.  Because the allegedly breached contract imposes no obligations upon Frontier, Manning's claim for breach of contract against Frontier fails as a matter of law.

### B. In the Absence of a Contract, There Can Be No Claim for Breach of the Implied Covenant (Count III)

While every contract contains an "implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract," *Druker v. Roland Wm. Jutras Assoc., Inc*., 370 Mass. 383, 385 (1976), the implied covenant governs only the manner in which the duties set forth in the contract may be performed and does not otherwise create any additional rights and duties beyond those in the existing contract.  *See, e.g., Chokel v. Genzyme Corp*., 449 Mass. 272, 276 (2007).  Thus, the scope of the covenant is only as broad as the contract itself, s*ee, e.g., Ayash v. Dana-Farber Cancer Inst*., 443 Mass. 367, 385 (2005), and the implied covenant does not create any rights and duties not already present in the contractual relationship.  *SMS Financial V, LLC v. Conti*, 68 Mass. App. Ct. 738, 743 (2007).

Here, there is no contractual relationship between Manning and Frontier.  As addressed above, because Frontier and Healthx are separate legal entities, and Frontier is not a party to the

5

Healthx Agreement, Frontier cannot be held liable for breach of contract. In the absence of a contract between the parties, "there can be no derivative implied covenant of good faith and fair dealing applicable to these parties." *Platten*, 437 F.3d at 129-30 (affirming dismissal of claim for breach of the implied covenant of good faith and fair dealing where breach of contract claim was subject to dismissal because defendants were not parties to the contract), quoting *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 230 (1st Cir. 2005) (affirming dismissal of claim for breach of implied covenant where express contract claim was flawed and stating that plaintiff's "implied contract claim gets no further than does its express contract claim").

Accordingly, Manning's claim for breach of the implied covenant is deficient as a matter of law and must be dismissed.

### C. Manning's Promissory Estoppel Claim (Count II) Against Frontier Fails as a Matter of Law Because Manning Has Identified No Promise Made by Frontier

To state a claim for promissory estoppel, a plaintiff must allege that "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promise, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *Loranger Constr. Corp. v. E.F. Hauserman Co.*, 6 Mass. App. Ct. 152, 154, 374 N.E.2d 306 (1978). "An action based on reliance is equivalent to a contract action, and the party bringing such an action must prove all the necessary elements of a contract other than consideration." *Dixon v. Wells Fargo Bank, N.A.*, 798 F.Supp.2d 336, 340 (D. Mass. 2011) (quoting *Rhode Island Hosp. Trust Nat'l Bank v. Varadian*, 419 Mass. 841, 850, 647 N.E.2d 1174 (1995)).

Most relevant here, the promise alleged must demonstrate "an intention to act or refrain from acting in a specified way, so as to justify a promise in understanding that a commitment has

6

been made." *Varadian*, 419 Mass. at 849-50, 647 N.E.2d 1174 (quoting Restatement (Second) of Contracts § 2 (1981)).  In his Complaint, Manning alleges that he relied to his detriment on "defendants['] . . . promise of a CEO position at Healthx with comparable compensation and highly valuable equity compensation."  Cp. ¶ 34.  Manning does not explain how any "promise of a CEO position at Healthx" demonstrates an intention by Frontier to "act or refrain from acting in a specified way."

In the absence of any promise impacting Frontier, the Complaint appears to allege that Frontier made some promise on behalf of Healthx.  Massachusetts law, however, does not impose liability where the alleged promisor makes no promises on his or her own behalf.  *See, e.g., Finbury v. Architectural Heritage Foundation, Inc.*, 23 Mass. L. Rptr. 367 (Mass. Super. 2007) ("nothing in the complaint suggests that [corporate defendant's president] ever made any promise on his own behalf . . .[; t]his [promissory estoppel] count must therefore be dismissed as to [him]"); *George v. Synkinetics, Inc.*, 31 Mass.L.Rptr. 64 (Mass. Super. 2013) ("[n]owhere in the complaint does [plaintiff] allege that any representations or promises were made by [defendant chairman of the board of directors] individually, as opposed to on behalf of the Company.  Accordingly Count III fails to state a claim for promissory estoppel against [defendant chairman of the board of directors].").

In the absence of an allegation of a promise made by Frontier on its own behalf, Manning's promissory estoppel claim fails as a matter of law.

### III.  CONCLUSION

For the foregoing reasons, Frontier respectfully requests that Plaintiff's Complaint be dismissed as against it with prejudice.

7

**DEFENDANT FRONTIER CAPITAL,**
By Its Attorneys,

  /s/ Katherine A.K. Mumma
C. Max Perlman (BBO# 630395)
   max@hrwlawyers.com
Katherine A.K. Mumma (BBO# 665009)
   kmumma@hrwlawyers.com
HIRSCH ROBERTS WEINSTEIN LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300

June 23, 2015

## CERTIFICATE OF SERVICE

I, Katherine A.K. Mumma, hereby certify that this document filed electronically through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to any individuals indicated as non-registered participants on June 23, 2015.


/s/ Katherine A.K. Mumma
Katherine A.K. Mumma