UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MANNING,<br><br>           Plaintiff,<br>vs.<br><br>HEALTHX, INC. and FRONTIER CAPITAL,<br><br>           Defendants. | Civil Action No. 1:15-cv-11936 |

### DEFENDANT HEALTHX INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Healthx, Inc. ("Healthx"), for its answer, affirmative defenses, and counterclaims, states as follows:

### PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 1.

2. Admits the allegations of the second sentence of Paragraph 2. Further admits that Healthx is a Software Service company that sells services to third party administrators, health plans and other healthcare payers. To the extent not expressly admitted, the allegations of Paragraph 2 are denied.

3. Admits the allegations of the first sentence of Paragraph 3 and further admits that Frontier has an ownership interest in Healthx. To the extent not expressly admitted, the allegations of Paragraph 3 are denied.

### Jurisdiction and Venue

4. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in the first sentence of paragraph 4, and states that the remaining allegations state conclusions of law to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to Manning's place of residence, and otherwise state that Paragraph 5 states conclusions of law to which no response is required.

### Factual Background

6. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Admits that a draft Employment Agreement was sent to Plaintiff on or about November 23, 2013 by Healthx, denies that it was sent by Frontier, and states that the documents referenced in paragraph 8 speak for themselves.

9. Admits that a draft Employment Agreement was sent to Plaintiff on or about November 27, 2013 by Healthx, denies that it was sent by Frontier, and states that the document referenced in paragraph 9 speak for itself.

10. States that the document referenced in paragraph 10 speak for itself.

11. States that the document referenced in paragraph 11 speak for itself.

12. States that the documents referenced in paragraph 12 speak for themselves.

13. Denies the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15.

16. Admits the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. Admits the allegations in the first sentence of paragraph 18.

19. Admits that Plaintiff was told that he was beign terminated to avoid litigation with Pegasystems but denies the allegations in Paragraph 19 to the extent they imply that he was not told any other reason for his termination..

20. States that the documents referenced in paragraph 20 speak for themselves.

21. Paragraph 21 states conclusions of law to which no response is required. To the extent a response is required, Healthx denies the allegations in paragraph 21.

22. Healthx states that Manning was informed he was being terminated due to failure to disclose his restrictive covenants with Pegasystems and to avoid litigation with Pegasystems, and thus denies the allegations in paragraph 22.  Healthx denies that Frontier had any involvement with Plaintiff's termination.

23. Healthx states that Manning was informed he was being terminated due to failure to disclose his restrictive covenants with Pegasystems and to avoid litigation with Pegasystems, and thus denies the allegations in paragraph 23. Healthx denies that Frontier had any involvement with Plaintiff's termination.

24. Denies the allegations in paragraph 24, except admits that Manning has not been paid any severance payments.

25. Denies knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

## Count I: Breach of Contract

29. Healthx incorporates by reference its responses to paragraphs 1 through 28 above as if those are set forth fully herein.

30. Denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

## Count II: Promissory Estoppel

33. Healthx incorporates by reference its responses to paragraphs 1 through 32 above as if those are set forth fully herein.

34. Denies knowledge or information sufficient to form a belief as to the allegations pertaining to Plaintiff's position at Pegasystems or Plaintiff's motivations for leaving it, admit that he was hired as President and CEO at Healthx and denies knowledge or information sufficient to form a belief as to Plaintiff's opinions as to the value of the equity compensation.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

### Count III: Breach of the Implied Covenant of Good Faith and Fair Dealing

37. Healthx incorporates by reference its responses to paragraphs 1 through 36 above as if those are set forth fully herein.

38. Denies the allegations in paragraph 38.

39. Denies the allegations in paragraph 39.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

To the extent a contract existed between Plaintiff and Healthx, Healthx was entitled to nonperformance due to Plaintiff's breach of the agreement.

### FIFTH AFFIRMATIVE DEFENSE

To the extent a contract existed between Plaintiff and Healthx, Healthx was entitled to nonperformance due to Plaintiff's breach of his fiduciary duty to Healthx.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must fail due to fraudulent inducement.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel or laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to prevent or mitigate the damages he has sustained, if any, as a result of Defendant's alleged conduct.

**TENTH AFFIRMATIVE DEFENSE**

Defendant at all material times made good faith efforts to comply with its obligations under state and federal employment discrimination statutes.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right, in the future, to assert additional affirmative defenses based upon discovery conducted in this action.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and award the Defendant its costs and expenses in defending against this action, including reasonable attorneys' fees.

**COUNTERCLAIMS**

Plaintiff in counterclaim Healthx, Inc., (Healthx) hereby brings these counterclaims and prayers for relief against Defendant in counterclaim Mark Manning (Manning):

## **PARTIES**

1. Healthx is a Software Service company that sells services to third party administrators, health plans and other healthcare payers. Healthx's principal place of business is in Indianapolis, Indiana.

2. Manning alleges he resides in South Yarmouth, Massachusetts.

## **Factual Background**

3. Beginning in or about August, 2013 Healthx considered hiring Manning for the position of President and Chief Executive Officer of Healthx.

4. In late October/early November, 2013, Richard Maclean, the Chairman of the Board of Directors of Healthx, asked Manning if any restrictive covenants existed between him and his current employer, Pegasystems, Inc. Manning responded that he had no restrictive covenants with Pegasystems.

5. On or about November 23, 2013, Healthx sent Manning a proposed Employment Agreement, in reliance on Manning's representations that he had no restrictive covenants with Pegasystems.

6. On or about December 5, 2013, Maclean asked Manning to confirm that he had no restrictive covenants with Pegasystems. Manning again confirmed that no restrictive covenants existed between him and Pegasystems.

7. In one these communications with Maclean, Manning stated that Pegasystems had presented him with a document with restrictive covenants, which he declined to sign.

8. In reliance on these representations, Healthx reasonably concluded that Manning was not restricted in any manner from accepting a position with Healthx and acting without

restriction once hired, and as a result hired Manning for the position of President and Chief Executive Officer.

9. In reliance on these representations, Healthx reasonably concluded that Manning was not restricted from soliciting Pegasystems employees to leave Pegasystems, and as a result Healthx interviewed three Pegasystems employees referred by Manning for Healthx positions prior to Manning's start date.

10. Manning was never given clearance by Healthx to hire these three individuals. However, during his first week of work in early February, 2013, Manning hired all three individuals.

11. In a correspondence addressed to Manning dated February 7, 2013, Pegasystems expressed "serious concerns" that Manning had breached "ongoing contractual and other legal obligations set forth in your December 28, 2005 Standards Letter." Pegasystems stated that Manning's hiring of Pegasystems employees was in violation of the Standards Letter's 18 month post-termination restriction on solicitation of Pegasystems employees.

12. Pegasystems also asserted that Manning had violated the Standards Letter by taking a confidential document titled "Pegasystems' Healthcare Target Account List."

13. Pegasystems' correspondence sought, in part, detailed information pertaining to the hiring of Pegasystems' employees by Manning, and return of all Pegasystems information and property, including a laptop Manning had not returned.

14. Pegasystems stated that it was further evaluating the circumstances with the possibility of legal action.

15. A copy of Pegasystems' February 7, 2013 correspondence is attached as Exhibit A.

16. On or about February 7, 2013, Manning notified Maclean of Pegasystems' correspondence by providing him with a copy of the correspondence.

17. Healthx later discovered that Manning had brought with him to Healthx documents from Pegasystems.

18. As a result of Manning's misrepresentations and conduct, he exposed Healthx to potential liability and Healthx incurred damages, including but not limited to costs to recruit and hire Manning, his replacement, and three other Pegasystems employees, legal fees and related costs, and other consequential damages.

### Count I: Breach of Contract

19. Healthx incorporates by reference paragraphs 1 through 18 above as if those are set forth fully herein.

20. Manning alleges he executed an Employment Agreement delivered to him by Healthx on or about December 13, 2013.

21. To the extent the Employment Agreement is enforceable, Manning's misrepresentations and conduct were in breach of that Employment Agreement.

22. As a result of Manning's breach, Healthx has suffered damages. including but not limited to costs to recruit and hire Manning, his replacement, and three other Pegasystems employees, legal fees and related costs, and other consequential damages.

### Count II: Fraudulent Inducement

23. Healthx incorporates by reference paragraphs 1 through 22 above as if those are set forth fully herein.

24. Healthx was fraudulently induced to offer Manning employment and hire him in reliance on his representations that no restrictive covenants existed between him and Pegasystems.

25. As a result, Healthx has suffered damages, including but not limited to costs to recruit and hire Manning, his replacement, and three other Pegasystems employees, legal fees and related costs, and other consequential damages.

### Count III: Misrepresentation

26. Healthx incorporates by reference paragraphs 1 through 25 above as if those are set forth fully herein.

27. Manning's denial of the existence of restrictive covenants between him and Pegasystems was a misrepresentation of fact.

28. Healthx relied on Manning's misrepresentation, causing Healthx to suffer damages including but not limited to costs to recruit and hire Manning, his replacement, and three other Pegasystems employees, legal fees and related costs, and other consequential damages.

### Count IV: Breach of Fiduciary Duty

29. Healthx incorporates by reference paragraphs 1 through 28 above as if those are set forth fully herein.

30. Manning owed a fiduciary duty to Healthx.

31. Manning breached that duty by his misrepresentations and conduct, causing Healthx to suffer damages including but not limited to costs to recruit and hire Manning, his replacement, and three other Pegasystems employees, legal fees and related costs, and other consequential damages..

WHEREFORE, Healthx hereby demands judgment against Plaintiff Mark Manning for the following relief:

    a)    An award to Healthx for damages resulting from Manning's breach of the Employment Agreement, misrepresentations, fraudulent inducement, and breach of fiduciary duty;

    b)    An award of reasonable attorneys' fees and costs of suit;

    c)    An award for damages as determined by the jury awardable to Healthx; and

    d)    Such other and further relief that the Court deems equitable and just under the circumstances.

## JURY DEMAND

Healthx demands a trial by jury of all claims so triable in the Complaint and Counterclaims.

Respectfully submitted,

Defendant,

HEALTHX, INC.

By its attorney,

/s/ Stephen T. Paterniti
Stephen T. Paterniti (BBO # 564860)
paternis@jacksonlewis.com
JACKSON LEWIS P.C.
75 Park Plaza – 4th Floor
Boston, MA  02116
Tel: (617) 367-0025
Fax (617) 367-2155

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 23, 2015 and by first class U.S. mail, postage pre-paid to any non-registered participants.

/s/ Stephen T. Paterniti
JACKSON LEWIS P.C.