UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MANNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTHX, INC. and FRONTIER CAPITAL, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:15-cv-11936 |

## OPPOSITION TO HEALTHX, INC.'S PARTIAL MOTION TO DISMISS

Defendant Healthx, Inc. ("Healthx") moves to dismiss the plaintiff's claim for breach of the covenant of good faith and fair dealing (Count III) based on an overly-narrow view of one possible application of the claim. Plaintiff Mark Manning acknowledges that, to the extent that the complaint challenges his termination by Healthx, that claim is limited by the *Fortune* and *Gram* doctrines. As Healthx acknowledges, however, Manning challenges not only the decision to terminate his employment, but also Healthx's determination that he was not entitled to severance under the terms of his employment agreement. Healthx had a duty to comply with the covenant of good faith and fair dealing in making that decision, which is a separate basis for Count III, not subject to the *Fortune* and *Gram* limitations. Healthx's motion to dismiss must therefore be denied.

In further support of his opposition to Healthx's motion to dismiss, Manning respectfully states as follows:

**Background**

From 2005 until January 31, 2014, Manning was employed as Vice President of Healthcare Sales for Pegasystems, Inc. ("Pegasystems"), a Cambridge, Massachusetts-based software company. Manning earned over $500,000 in compensation from Pegasystems in 2013. Complaint, ¶ 6.

From August to December 2013, Healthx and its private equity investor, defendant Frontier Capital LLC ("Frontier"), recruited Manning for the position of President and CEO of Healthx, negotiated the terms of his employment, and, ultimately, hired Manning for the position. *Id*., ¶¶ 7-15.

The negotiations regarding the employment agreement led to a severance provision being added, such that Manning would receive compensation in the event that he was terminated without cause. *Id*., ¶¶ 9-11.

In January and February 2014, Manning resigned his position at Pegasystems, began preparing to move to Indianapolis, and began his new job at Healthx. On Thursday, February 6, 2014, Healthx issued a press release announcing Manning's hire as President and CEO. Four days later, Manning was informed that he was being terminated from his position. *Id*., ¶¶14-19.

Manning was told that the decision to terminate him was based on a risk of litigation with Pegasystems. The letter that followed his initial conversation stated that he was terminated because he had failed to disclose to Healthx that he had contractual obligations to Pegasystems. *Id.*, ¶¶ 19-20. The termination letter said nothing about Manning being terminated for "cause" under the employment agreement. Healthx has not provided Manning with any severance payments. *Id.*, ¶ 24.

Manning's claim, as set forth in the complaint, is that he had no enforceable contractual obligations to Pegasystems, and that Healthx failed to conduct appropriate due diligence to determine whether Manning was subject to any enforceable obligation that prevented him from working at Healthx. *Id.*, ¶¶ 21, 40. In short, Healthx reacted to a baseless threat of litigation by Pegasystems by terminating Manning from the position for which he had quit his job and agreed to move halfway across the country, and then refused to pay him any severance.

In the complaint, Manning asserts that, in addition to breaching its contractual obligation to Manning by failing to pay severance, Healthx also breached the implied covenant of good faith and fair dealing by failing to investigate the legitimacy of Pegasystems' litigation threat, or even permit Manning to respond to Pegasystems' allegations. In the complaint, Manning alleges that, among the damages he suffered as a result of these breaches was the lost severance payments that Healthx refused to make. Complaint, ¶¶ 40-41.

## Argument

As noted above, Manning acknowledges that, to the extent that the claim for breach of the covenant of good faith and fair dealing is directed to Healthx's decision to terminate Manning, it is constricted by the *Fortune* and *Gram* doctrines, as Healthx asserts. However, Healthx relegates treatment of Manning's stronger claim to a footnote on page four of its brief:

> Plaintiff appears to be asserting that the compensation he is owed under his breach of covenant of good faith and fair dealing claim is the severance payment set forth in the Employment Agreement he never signed. Even if he was owed severance payments under the Employment Agreement, they do not constitute earned compensation for past due services.

Healthx's Memorandum at 4, n. 1.[1]  Healthx's curt treatment of this issue misconstrues the nature of the plaintiff's claim.

In making its determination of whether Manning was terminated for cause or without cause—separate from the question of whether to terminate him in the first place—Healthx remained subject to the covenant of good faith and fair dealing.  *See Williams v. B & K Medical Systems, Inc.*, 49 Mass. App. Ct. 563, 568-69, 732 N.E.2d 300 (2000).  In *Williams*, the Massachusetts Appeals Court upheld a finding of liability on the part of an employer based on its refusal to pay the full severance payment owed to an employee (among other things) as the employee was being terminated.  Thus, while a claim for breach of the covenant of good faith and fair dealing arising out of the termination itself may require an additional showing consistent with *Fortune* or *Gram*, the employer remains subject to a claim for breach of the covenant in other contractual dealings with the employee, such as the payment of severance.

More specifically, Manning is entitled to pursue a claim against Healthx premised on Healthx's attempt to deprive Manning of the benefits of the severance provision by failing to investigate whether the allegations raised by Pegasystems amounted to grounds for a termination of Manning *for cause*.  Even if Healthx were technically permitted to conclude that cause existed—which Manning vigorously denies—the covenant of good faith and fair dealing would nevertheless provide the basis for a separate claim that Healthx had reached that conclusion in such a way as to deny Manning the fruits of his agreement.  Given that possibility, it is inappropriate to dismiss Manning's breach of covenant claim against Healthx.

---

[1] Manning notes that Healthx's assertion that Manning did not sign the Employment Agreement is at odds with the allegations in the complaint and therefore is improper in a motion to dismiss.

WHEREFORE, plaintiff Mark Manning requests that the Court deny Healthx's partial motion to dismiss and grant such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                MARK MANNING,

                By his attorney,

                /s/ Joshua A. McGuire
                Joshua A. McGuire (BBO #651877)
                The Law Office of Josh McGuire
                51 Winchester St., Suite 205
                Newton, MA  02461
                (617) 461-6400
                josh@joshmcguirelaw.com

Dated: July 13, 2015

## Certificate of Service

    I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 13, 2015, and by first class U.S. mail, postage pre-paid to any non-registered participants.

                /s/  Joshua A. McGuire
                Joshua A. McGuire