UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MANNING,<br><br>                    Plaintiff,<br>   vs.<br><br>HEALTHX, INC. and FRONTIER CAPITAL,<br><br>                    Defendants. | Civil Action No. 1:15-cv-11936<br><br>Leave to file granted on July 23, 2015 |

**DEFENDANT FRONTIER CAPITAL LLC'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Contrary to the theme of Plaintiff's Opposition, it does not matter for the purposes of the Motion to Dismiss whether Defendant Frontier Capital, LLC ("Frontier") was somehow involved in hiring and firing Plaintiff Mark Manning from his employment at Defendant Healthx, Inc. ("Healthx"). Whatever role Frontier might have had, there is still no allegation in the Complaint that Frontier – as opposed to Healthx – (1) entered into any contract with Manning; or (2) made any actionable promise to Manning. Instead, it is clear from the Opposition that Manning's inclusion of Frontier in this case is wholly based on the incorrect notion that Healthx and Frontier can be causally lumped together, without respect to their separate corporate identities. For these simple reasons, the claims against Frontier are flawed and must be dismissed.

**I.      Plaintiff Does Not Meaningfully Oppose the Motion to Dismiss the Breach of Contract Counts.**

Plaintiff's Opposition is, in effect, a concession that the breach of contract counts (Counts I and III) should be dismissed. Like the Complaint, the Opposition does not submit that there is any contract between Manning and Frontier, nor does Plaintiff cite to any authority that would

rescue its breach of contract claims.[1]  The Opposition also tellingly fails to address the clear legal principles set forth in Frontier's motion, to wit, that to state a contract claim, a plaintiff must explain the obligations imposed on each party, the specific obligations alleged to have been breached, and the specific conduct alleged to constitute the breach.  *See Brooks v. AIG Sunamerica Life*, 480 F.3d 579, 586 (1st Cir. 2007).

## II. Plaintiff Did Not Allege any Facts that would Justify Disregarding the Corporate Separateness of Frontier and Healthx.

Plaintiff spends the better part of the Opposition referring to Healthx, his former employer, and Frontier, Healthx's investor, interchangeably.  He suggests that commitments allegedly made by the Chairman of Healthx's Board with respect to Plaintiff's prospective employment by Healthx could plausibly be interpreted as commitments made on behalf of the Chairman's own employer, Frontier.  What Plaintiff does not do, however, is allege any <u>facts</u> in support of this notion, and certainly no "factual content that would allow the court to draw the <u>reasonable</u> inference that the <u>defendant</u> is liable for the alleged misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added).

While Plaintiff obliquely suggests that this court should disregard the corporate structure and hold Frontier liable for Healthx's promises, he alleges no fact in support of this notion. Massachusetts applies a presumption of corporate separateness pursuant to which "separate corporations are to be treated as separate entities absent an affirmative showing of compelling circumstances."  *Cumings v. York Capital Mgmt*, Civil Action No. 12-12339, 2013 WL 4411230, *5 (D. Mass. Aug. 12, 2013) (Saylor, J.);  *see also Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 128 (1st Cir. 2006).  While this presumption can be overcome by the doctrine of

---

[1] Manning's new argument that Frontier "may have been the contracting party" (Opposition at Section IV) finds no support whatsoever in the Complaint, and in fact, is contradicted by the Complaint, which clearly alleges that the alleged employment agreement was "with Healthx" and resulted from an offer that was made by Healthx. (Complaint, Par. 8, 12, and 13)

corporate disregard, that doctrine only applies in the presence of "compelling circumstances," *Gurry v. Cumberland Farms, Inc.*, 406 Mass. 615, 625-26 (1990), which are determined by application of the "*Pepsi-Cola* factors," *Platten*, 437 F.3d at 128.  Application of the *Pepsi-Cola* factors requires, at the pleading stage, "allegations . . . about the doctrine of corporate disregard, or piercing the corporate veil, or any related theory of liability." *Cumings*, 2013 WL 4411230 at *5.  Plaintiff's Complaint makes no such allegations, and "it makes no allegations of any kind concerning the intermingling of assets, nonobservance of corporate formalities, or any of the other *Pepsi-Cola* factors." *Id.*  Absent such allegations "support[ing] disregarding the corporate separateness of" Frontier and Healthx, the proper defendant is Healthx and not Frontier. *Id.*

**III.     Plaintiff Still Cannot Identify any Actionable Promise made by Frontier.**

In the Opposition, Plaintiff struggles to identify the promise giving rise to his promissory estoppel claim.  In an attempt to mask this difficulty, Plaintiff implores that Frontier "was involved" in his hiring and firing, "controlled the process," and was the "ultimate decision maker." (Opposition at pp. 3-4)  None of these statements in the Opposition are in the Complaint, but even if they were, none establish that Frontier made a <u>promise</u> to Manning.  Manning also appears to suggest that he relied upon information provided by Frontier and Healthx in deciding to join Healthx.  (Opposition at. p. 2)  A promissory estoppel claim only lies when a plaintiff relies on <u>promises</u>, not information.[2]  *Loranger Constr. Corp. v. E.F. Hauserman Co.*, 6 Mass. App. Ct. 152, 154, 374 N.E.2d 306 (1978).  In the absence of any promises allegedly made by Frontier to Plaintiff, Plaintiff's promissory estoppel claim against Frontier fails.

---

[2] To the extent Plaintiff's argument is that transmitting Healthx's offer obligates Frontier with respect to the promises contained therein, that position is nonsensical.  Transmitting an offer letter regarding a job with a third party does not bind the transmitter to the promises contained therein; if it did, every recruiting agency would be responsible for any promises contained in any offer it facilitates.

Moreover, it is clear that the "promise" upon which Manning tries to base his promissory estoppel claim was that he was going to be CEO of Healthx (not Frontier). Under such circumstances, it is incumbent upon Manning to allege in his complaint that Frontier was making a promise on its own behalf, rather than for Healthx; the consequences for failing to do so is dismissal of the promissory estoppel claim. *See George v. Synkinetics, Inc.*, 31 Mass.L.Rptr. 64 (Mass. Super. 2013) and *Finbury v. Architectural Heritage Foundation, Inc.*, 23 Mass. L. Rptr. 367 (Mass. Super. 2007). Here, Plaintiff has failed to make the requisite allegations, and has even failed to address the legal principles set forth in the cases cited above and in the Motion.

### IV.     The Materials Attached to Plaintiff's Opposition are not Properly Before the Court, Nor Would they Matter Anyway.

Plaintiff's Opposition attaches multiple documents in an attempt to save its facially deficient claim. Under Rule 12(b)(6), however, "the district court may properly consider only facts and documents that are part of or incorporated into the complaint…" *Trans-Spec Truck Service, Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1sr Cir. 2008). If the court considers matters outside the pleadings, it must convert the motion to one for summary judgment. *Id*. Here, there is no reason to convert Frontier's motion to dismiss into a motion for summary judgment. First, Plaintiff does not request conversion. Second, Plaintiff has stated that his opposition is based on the allegations in the Complaint alone, that the attached documents are for "illustration only," and that the documents should not be considered. (Opposition, p. 4 n.1) Finally, the documents are of no consequence. They are a red herring: regardless of their content, they do not alter the fact that Plaintiff has not alleged – and cannot allege –that Frontier made any promises to him or entered into any contract with him.

WHEREFORE, Defendant Frontier Capital LLC respectfully requests that this Court grant its motion to dismiss and dismiss Plaintiff's claims against it in their entirety.

**DEFENDANT FRONTIER CAPITAL,**
By Its Attorneys,

  /s/ C. Max Perlman
C. Max Perlman (BBO# 630395)
   max@hrwlawyers.com
Katherine A.K. Mumma (BBO# 665009)
   kmumma@hrwlawyers.com
HIRSCH ROBERTS WEINSTEIN LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300

July 23, 2015

**CERTIFICATE OF SERVICE**

I, C. Max Perlman, hereby certify that this document filed electronically through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to any individuals indicated as non-registered participants on July 23, 2015.

  /s/ C. Max Perlman
C. Max Perlman (BBO# 630395)